UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LARRY WILLIAM EDWARDS,

       Petitioner,

v.                                 Case No. 8:06-cv-1145-T-24MAP

SECRETARY DEPARTMENT OF CORRECTIONS,

       Respondent.

_____/

## **ORDER**

    This cause is before the Court on Petitioner Larry William Edwards' 28 U.S.C. § 2254

petition for writ of habeas corpus.  Edwards challenges his conviction and sentence entered

by the Circuit Court for the Twelfth Judicial Circuit, Sarasota County, Florida.  A review of

the record demonstrates that, for the following reasons, Edwards' petition must be **denied**.


Background

    Edwards was charged in case no. 03-1731f with sexual battery on a physically

helpless victim; possession of a controlled substance (Xanax); escape from police custody;

possession of drug paraphernalia; and possession of cannabis. After jury trial on July 31-

August 1, 2003, the jury found Edwards guilty of all counts. On October 7, 2003, the state trial court sentenced Edwards to 124 months incarceration on the sexual battery and escape counts and to five years incarceration (concurrent) on the felony drug possession count.

Edwards appealed. On July 2, 2004, the state district court of appeal per curiam affirmed the conviction and sentence in case no. 2D03-4870. *Edwards v. State*, 2004 Fla. App. LEXIS 9754 (Fla. 2d DCA 2004).

On November 10, 2004, Edwards filed a pro se rule 3.850 motion for postconviction relief raising one ground: trial counsel was ineffective for conceding Edwards' guilt in counsel's opening statement and closing argument. On November 22, 2004,[1] the state trial court summarily denied the rule 3.850 motion. Edwards appealed the denial of rule 3.850 relief. On December 7, 2004, the state trial court granted Edwards' November 18, 2004 motion to withdraw his rule 3.850 motion.  Subsequently, Edwards moved to voluntarily dismiss the appeal of the November 22, 2004 state trial court order denying rule 3.850 relief. On January 24, 2005, the state district court of appeal dismissed the appeal in case no. 2D04-5511. *Edwards v. State,* 892 So. 2d 1025 (Fla. 2d DCA 2005)[table].

On March 23, 2005, Edwards filed a second pro se rule 3.850 motion for postconviction relief. On April 6, 2005, the state trial court summarily denied this rule 3.850 motion for postconviction relief. Edwards appealed the summary denial, and on December 2, 2005, the state district court of appeal per curiam affirmed the denial of rule 3.850 relief

---

[1] The order denying relief was signed November 19, 2004.

in case no. 2D05-2385. *Edwards v. State*, 916 So. 2d 798 (Fla. 2d DCA 2005)[table]. The mandate issued December 29, 2005.

On June 18, 2006, Edwards timely filed his pro se federal 28 U.S.C. § 2254 petition for writ of habeas corpus raising nine grounds of ineffective assistance of counsel.

STANDARDS OF REVIEW

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

Discussion

Ground One

Edwards contends his trial counsel was ineffective for conceding Edwards' guilt in counsel's opening statement and closing argument. Edwards *specifically* contends:

> the following statements advanced by trial counsel effectively conceded guilt without petition's consent when counsel stated that "the escape" wanting to have sex, lesser included and defendant may have attempted." "The escape you heard what they said, that's what happened [Tr 371, lines 15 and 17]. Larry is wanting to have some sex with Leah, there isn't any denying that. [Tr. 142 lines 12-13]. The issue of consent goes more to the issue of attempted because we know Mr. Edwards was wanting to have sex with Leah Jones and we know that he did some things to her. [Tr. 368 lines 6-9].

(Doc. No. 18 at p. 3).

Edwards raised this claim in his first rule 3.850 motion for postconviction relief. (Resp. Ex. 6).  The state trial court denied relief, finding:

> The Defendant contends his attorney conceded his guilt without his consent to the escape, sexual battery and possession of controlled substance charges both in opening and closing arguments.  The Defendant contends counsel never asked the jury to find him not guilty of all the charges.

> The Defendant's Motion is denied.  The trial transcripts reflects [sic] that after the closing argument, the trial court directly questioned the Defendant about counsel's concession to the drug and paraphernalia counts and the Defendant indicated that he concurred in that approach. (See attached copy of transcript, pp. 393-394).  Further, the Defendant is mistaken in his belief that counsel conceded his guilt to the sexual battery count by admitting that he wanted to have sex with the victim, because counsel did not admit that the Defendant did in fact have sex with the victim, only that he had touched her and wanted to have sex with her. (See attached transcript, pp. 327-340, 367-371).  In *Nixon v. Singletary*, 758 So. 2d 620 (Fla. 2000), the court noted that the trial court could deny a motion for postconviction relief based upon counsel's concession of guilt if there was "affirmative, explicit acceptance" by

- 4 -

the Defendant of counsel's strategy. *Id. at 624.* Further, since the record reflects that counsel may have implicitly conceded the Defendant's guilt to a lesser offense, the Defendant's claim would be insufficient because the presumption of ineffectiveness would not apply. *See Kleppinger v. State,* 29 Fla. L. Weekly D1670 (Fla. 2d DCA July 21, 2004)(Observing that presumption only applies in narrow situations where counsel concedes to a charged offense). Here there was an affirmative acceptance and, therefore, the Defendant's claim is without merit.

(Resp. Ex. 6, Order Denying [First] Rule 3.850 Motion for Postconviction Relief)

Edwards' claim that his attorney was ineffective for conceding his guilt is procedurally barred because Edwards voluntarily dismissed his appeal of the denial of his first motion for postconviction relief; therefore, he never exhausted his claim in the Florida courts.  In Florida, exhaustion of rule 3.850 claims includes an appeal from the denial of those claims. *Leonard v. Wainwright*, 601 F.2d 807 (11th Cir. 1979). Because Edwards voluntarily dismissed his appeal, he did not fairly present his claim in each appropriate state court to alert that court to the claim's federal nature. *See Baldwin v. Reese,* 124 S.Ct. 1347, 1350 (2004).

Ground one is also procedurally barred under Florida's successive petition doctrine. Edwards raised this claim in his second rule 3.850 motion for postconviction relief. The state trial court denied Edwards' claim, finding:

> The Defendant points to counsel's alleged concession to the escape and battery charges without his consent and the Defendant argues that he was prejudiced by counsel's concession as there was an issue as to the victim's consent.

> The Defendant's Motion is denied.  The Defendant's Motion is denied as successive of his earlier motion filed on November 15, 2004 which this court summarily denied by order entered  November 19, 2004. (See attached copies of Motion for Postconviction Relief, Memorandum of Facts and Law in Support of Motion for Postconviction Relief and Order Denying Motion for Postconviction Relief (with attachments)).  Although this order was appealed,

the Defendant voluntarily dismissed that appeal but the court's order on this issue would be the same as the issues are the same.

(Resp. Ex. 12 Order Denying [Second] Motion for Postconviction Relief at pp. 2-3).

The state trial court applied Florida's successive petition doctrine in denying the claim. Alternatively, the state trial court denied the claim on the merits, stating  that the state trial court's ruling "on this issue [in the second rule 3.850 motion] would be the same as the issues are the same [as those in the first rule 3.850 motion]."

The state trial court did not forfeit the application of the successive petition doctrine procedural bar by addressing the merits of the claim in the alternative. "[W]here a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim." *See Alderman v. Zant*, 22 F.3d 1541, 1550 n. 10 (11th Cir. 1994)(collecting cases), *cert. denied*, 115 S.Ct. 673 (1994); *see also, Bennett v. Fortner*, 863 F.2d 804, 807 (11th Cir.), *cert. denied*, 490 U.S. 1071 (1989).

The state trial court's application of the successive petition doctrine, an independent and adequate ground, forecloses review of ground one by this Court unless Edwards can demonstrate cause for the default and actual prejudice, *Wainwright v. Sykes*, 433 U.S. 72 (1977), or establish the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent" contemplated in *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Cause must ordinarily be something external to the defense, Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995), and allegations of cause are subject to default. *See Edwards v. Carpenter*, 529 U.S. 446 , 453  (2000)(ineffective assistance of counsel claim

asserted as cause for procedural default of another federal claim could itself be procedurally defaulted). Edwards did not show valid cause in state court to excuse his default. Any [further] allegation of cause is now procedurally barred by the two-year limitation of rule 3.850, *see Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir.) (recognizing and applying two-year bar of Rule 3.850), *cert. denied*, 498 U.S. 834, (1990), and the state's successive petition doctrine. *E.g., Foster v. State*, 614 So. 2d 455, 458 (Fla. 1992); *Zeigler v. State,* 632 So. 2d 48, 51 (Fla. 1993).

Even if ground one was not procedurally barred, the claim has no merit. In ground one of his second rule 3.850 motion, Edwards faulted his counsel for remarking: "The escape you heard what they said. That's what happened.". . ."(Resp. Ex. 1, V 5 T 371); "Larry was trying to be sexual with Leah . . . (Resp. Ex. 1, V 2 T 142),[2] and the "issue of consent goes more to the issue of the attempt because we know Mr. Edwards was wanting to have sex with Leah Jones, and we know that he did some things to her." (Resp. Ex. 1, V 5, T 368).

In his present federal petition, Edwards faults trial counsel's strategy as to the sexual battery offense, claiming that he did not consent to the strategy counsel employed at trial.[3] That strategy was to argue Edwards was guilty of a lesser included offense to avoid a verdict as charged on the sexual battery count.  The United States Supreme Court has not held that a Defendant's consent is required before counsel can argue a lesser included

---

[2] Edwards alleged counsel remarked he [Edwards] was "wanting to have some sex with Leah, there isn't any denying that." However, the record citation to the opening remarks reflects counsel remarked, "Larry was trying to be sexual with Leah."

[3] Edwards does not fault counsel's strategy regarding the escape or drug charges.

offense to avoid conviction on a charged offense. In *Florida v. Nixon*, 543 U.S. 175, 189 (2004), the Supreme Court stated that an attorney must "consult with the client regarding important decisions," including the decision to plead guilty. *Id.*, 543 U.S. at 187(internal quotation marks omitted). However, *Nixon* has not been extended to require counsel to consult with his client before arguing guilt on a lesser included offense. The *Nixon* Court rejected a claim of ineffective assistance where defense counsel strategically chose to concede his client's guilt (as charged of first degree murder) during trial and to focus on saving his client's life. *See also Atwater v. State*, 788 So. 2d 223 (Fla. 2001) in which the *Atwater* Court cited and quoted *McNeal v. Wainwright*, 722 F. 2d 674, (11th Cir. 1984), finding:

> In seeking federal habeas corpus relief, McNeal again alleged that his trial counsel improperly conceded guilt without his consent. The Eleventh Circuit agreed that defense counsel's decision to concede guilt to a lesser charge was a tactical decision and not reviewable as an ineffective assistance of counsel claim. "In view of the overwhelming evidence against McNeal, including a tape recording of his confession to the shooting, the strategy of trial counsel was proper and would not amount to a constitutional violation." *McNeal v. Wainwright*, 722 F.2d 674, 676 (11th Cir.1984). The Eleventh Circuit distinguished McNeal from a situation where defense counsel concedes guilt to the offense charged and makes a plea for leniency. The latter situation requires a client's consent. The former is counsel's strategy that may bind a client even when made without consultation. *See McNeal*, 722 F.2d at 677 (citing *Thomas v. Zant*, 697 F.2d 977, 987 (11th Cir.1983)).

*Atwater*, 788 So. 2d at 230.

Counsel's strategy in Edwards' case was to argue that sexual intercourse did not occur. Trial counsel specifically urged the jury that the sexual battery charged by the State had not been proven beyond a reasonable doubt, and asked the jury to find Edwards not

guilty of the charge. In so doing, counsel advocated for the lesser included offense of attempted sexual battery. (Resp. Ex. 1, V 4, T 370-371).

Edwards' claim rests on the mistaken premise that counsel's remarks constituted a concession of guilt to sexual battery. Counsel was not in any way conceding, in his opening statement, or closing argument, that Edwards had committed sexual battery. Counsel argued to the jury that Edwards' acts were at most an attempt and thus, Edwards was not guilty of the charged sexual battery offense.

Edwards' allegations do not overcome the strong presumption that counsel's decision relative to the chosen trial strategy was an exercise of professional judgment. *Strickland,* 466 U.S. at 690. The State's evidence, including testimony that officers saw Edwards on top of Leah, naked from the waist down thrusting his hips, justified counsel's advocating for the lesser offense of attempted sexual battery, as no witness could state with certainty that the sex act was completed. See *White v. Singletary*, 972 F.2d 1218, 1221 (11th Cir. 1992)(test for effectiveness is not what the best lawyers would have done or what most good lawyers would have done, but only whether some reasonable attorney could have acted in the circumstances as this attorney did).

To the extent Edwards contends that the defense strategy should have been consent, Edwards cannot show that a reasonably competent attorney would have relied on a consent defense, given that the victim was unconscious at the time of the battery and later maintained she would never have had sex while wearing a tampon, which she was wearing at the time the attack occurred. (Resp. Ex. 1, V 5, T 370)

Finally, Edwards cannot show he was prejudiced by counsel's trial strategy. His trial counsel endeavored to undercut the state's position that the sexual battery as charged was accomplished. In view of the officers' testimony, including Officer Keane's testimony recounting Edwards' acts that could have established a completed sexual battery (Resp. Ex. 1, V 3 T 192), Edwards fails to show there was any reasonable probability of a different outcome had counsel not argued as he did on Edwards' behalf.

The state trial court's denial of ground one is objectively reasonable and is entitled to deference under the AEDPA standard of review.

Ground one does not warrant habeas corpus relief.

Ground Two

Edwards contends his trial counsel was ineffective for failing to have all evidence suppressed "based upon an alleged illegal entry of a dwelling by law enforcement." Edwards claims counsel was ineffective for failing to raise the issue that Edwards was an overnight guest protected by the Fourth Amendment.  Edwards did not raise the claim in this way in his second state rule 3.850 motion for postconviction relief.  Edwards never mentioned that he was an overnight guest protected by the Fourth Amendment in his motion for post conviction relief.   His claim in his second motion for postconviction relief read:

> Denial of effective assistance of trial counsels where counsels failed to have all evidence suppressed from police illegally entering dwelling without consent which compromised defendant's rights as guaranteed by the 5th, 6th, and 14th, amendments of the U.S. Constitution.

> During trial defense counsels failed to file motion for suppression of all evidence because female never yelled and officer failed to knock and announce before entering dwelling.

(Resp. Ex. 11 at p. 5)

The state trial court summarily denied this claim in Edwards' second rule 3.850 motion:

> The Defendant claims that the police did not possess exigent circumstances to enter the residence without a warrant in order to effect his arrest and counsel never filed a motion to suppress the evidence seized.
>
> The evidence demonstrates that the Defendant did not have standing to contest any illegal entry because he was a social guest of one of the co-occupants of the apartment. (See attached transcript, pp. 230-240). *See Minnesota v. Carter*, 525 U.S. 83, 90 (1998) (Observing that overnight guest in a home may claim the protection of the Fourth Amendment, but one who is merely present with the consent of the householder may not), *See also State v. Washington*, 884 So. 2d 97, 100 (Fla. 2d DCA 2004) (Observing that short-term, overnight, casual guest possessed no legitimate expectation of privacy in the residence where she was arrested).[4]. . . .

(Resp. Ex. 12).

Edwards' claims in the present federal petition that he was an overnight guest and was protected by the Fourth Amendment is procedurally barred because Edwards did not raise it in his second rule 3.850 motion for postconviction relief. Edwards *improperly* raised the claim that he was an overnight guest protected by the Fourth Amendment in his *pro se appellate brief*. *See Oats v. Singletary*, 141 F.3d 1018, 1027 (11th Cir. 1998) (claims raised for the first time on appeal of the state trial court's order denying postconviction relief are procedurally barred). Edwards has not shown cause and prejudice to overcome the procedural bar.

Even if the claim were not procedurally barred, Edwards' claim has no merit. The Fourth Amendment does not bar police officers from making warrantless entries and

___

[4] The parenthetical contains an apparent scrivener's error as the state case involved a non-overnight guest.

searches when they reasonably believe that a person "within" is in need of immediate aid. *United States v. McGough*, 412 F.3d 1232, 1237 (11th Cir. 2005).

In view of testimony indicating that, after knocking, the police officer heard a female scream for help (Resp. Ex. 1, V 3 T 172), at least one reasonably competent attorney could have concluded that the trial court would determine exigent circumstances permitted police to enter the apartment without a warrant and without Edwards' consent, and that a motion to suppress was not appropriate under the circumstances.  Edwards does not show that counsel's performance fell outside the wide range of reasonable professional assistance, and it is objectively reasonable to reject his claim on *Strickland*'s performance prong. *Strickland*, 466 U.S. at 689.

The state trial court's denial of ground two is objectively reasonable and is entitled to deference under the AEDPA standard of review.

Ground two does not warrant habeas corpus relief.

Ground Three

Edwards contends his trial counsel was ineffective for failing to object to remarks of the prosecutor during closing argument. Edwards alleges that the prosecutor vouched for the credibility of the police officers' testimony.  Edwards alleges:

> The vouching and blustering of the credibility of the police testimony was in direct conflict with the victim and the prosecutor was attempting to rehabilitate the lack of credibility of officers Laster and Keane whom [sic] testimony were totally different and is [sic] direct conflict of what the victim testified as to what happened yet trial counsel failed to object subjecting the defendant to ineffective assistance of counsel under the 6th Amendment.

(Petition, p. 9).

In denying this claim in Edwards' second rule 3.850 motion, the state trial court found:

> The Defendant claims the prosecutor in closing argument improperly vouched for the credibility of the police testimony, attacked the testimony of one of the witnesses and asked the jury to rely on sympathy for the victim.
>
> The Defendant's Motion is denied. Based upon the closing statements of defense counsel and the prosecutor, the prosecutor's arguments were fair responses to the arguments of defense counsel and would not constitute grounds for a mistrial. (See attached transcript, pp. 327-346, 340-367). *See Voorhees v. State*, 699 So. 2d 602, 614 (Fla. 1997) (Observing that prosecutorial misconduct in closing must either deprive the defendant of a fair and impartial trial, materially contribute to the conviction, be so harmful or fundamentally tainted as to require a new trial, or be so inflammatory that they might have influenced the jury to reach a more severe verdict than that it would have otherwise). . . . .

(Resp. Ex. 12)

In Florida, counsel is permitted wide latitude in arguing to a jury. *E.g., Breedlove v. State,* 413 So. 2d 1 (Fla. 1982).  Where, as here, a state trial court's adjudication represents the resolution of an underlying state law issue, this Court owes a high degree of deference to that determination. *See Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984), *modified*, 731 F.2d 1486, *cert. denied*, 469 U.S. 956 (1984).

It is objectively reasonable to conclude, with respect to each of the prosecutor's comments, that the comment did not deprive Edwards of a fair trial. It is not enough that a prosecutor's comments were undesirable or even universally condemned. *Cobb v. Wainwright*, 609 F. 2d 754 (5th Cir. 1980).[5] The standard of review is whether, on the merits, the comment so infected the trial with unfairness as to make the resulting conviction

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

a denial of due process. *Darden v. Wainwright*, 477 U.S. 178 (1986)(citing *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974)). The appropriate standard of review for such a claim on federal writ of habeas corpus is "the narrow one of due process, and not the broad exercise of supervisory power." *Id.* at 642 at 1871.[6]

Edwards does not demonstrate state trial court error, let alone constitutional error in the prosecutor's closing remarks. Edwards claims the prosecutor's remarks bolstered the credibility of the police officers' testimony. However, it is objectively reasonable to determine the prosecutor's remarks fairly commented on the testimony and logical inferences from the testimony. The prosecutor's reference to the officers' experience and training (Resp. Ex. 5, T 342) was supported by the officers' testimony that they had experience in law enforcement.[7] (Resp. Ex. 1, V 3 T 170, 190). Furthermore, Edwards does not show that the prosecutor's statements rendered the proceeding fundamentally unfair. *Cargill v. Turpin*, 120 F.3d 1366, 1379 (11th Cir. 1997).

Moreover, it is objectively reasonable to conclude that in view of the compelling evidence of his guilt, including, among other things, the eyewitness testimony of the officers, the prosecutor's comments were harmless beyond any reasonable doubt and did not have a substantial and injurious effect or influence in determining the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Edwards cannot show there was a

---

[6] Under circuit precedent, the reviewing court must consider the allegedly improper comments in the context of both the prosecutor's entire closing argument and the trial as a whole. *Branch v. Estelle*, 631 F. 2d 1229, 1233 (5th Cir. 1980). Among the considerations is the strength of the evidence. *Cobb v. Wainwright*, 609 F. 2d at 756.

[7] Edwards does not raise any other comment he included in his rule 3.850 claim. Even if he were to do so, the remarks also constituted logical inferences from admitted evidence.

reasonable probability of a different outcome, even if his trial counsel had objected to the prosecutorial comments at trial.

The state court decision was not contrary to, nor did it involve an unreasonable application of, clearly established federal law as determined by the Supreme Court. The state trial court's denial of ground three is objectively reasonable and is entitled to deference under the AEDPA standard of review.

Ground three does not warrant habeas corpus relief.

Ground Four

Edwards contends he "was denied the effective assistance of counsel by counsel's failure to raise police arrest without warrant."  In support, he claims:

> Trial counsel failed to suppress the defendant's arrest simply because all of the evidence seized were [sic] seized illegally and without probable cause, thus rendering the defendant ineffective assistance of counsel under the 6th Amendment.

(Petition, p. 10).

 This claim is procedurally barred because Edwards did not raise this *specific* claim in his second rule 3.850 motion.  Edward's claim in his 3.850 motion reads:

> Denial of effective assistance of trial counsels [sic] where counsels [sic] failed to raise police arrest without warrant which compromised [sic] defendant's rights as guaranteed by the 5th 6th and 14th Amendments to the U.S. Constitution. During trial, defense counsel failed to present (F.S.A. Ch. 901.17) method of arrest by officer without warrant.

The state trial court denied this claim, finding:

> The Defendant claims that when he was arrested the police officer never informed him what he was under arrest for pursuant to Florida statutes. The Defendant claims counsel never brought this out at trial. The Defendant's Motion is denied.

- 15 -

The Defendant's allegation does not state a facially sufficient claim for postconviction relief because "in order for a motion to be facially sufficient, the defendant must allege specific legal and factual grounds that demonstrate a cognizable claim for relief." *Davis v. State*, 875 So. 2d 359 (Fla. 2003). *See also Kennedy v. State*, 547 So. 2d 912 (Fla. 1989) (Holding that the Defendant may not simply file a motion for postconviction relief containing conclusory allegations that his or her trial counsel was ineffective and then expect to receive an evidentiary hearing). *See also Johnson v. State*, 660 So. 2d 648, 659 (Fla. 1995) (Observing that failure to inform of rights under section 901.17 does not rise to a constitutional dimension)....

(Resp. Ex. 12)

Ground four of the federal petition is conclusory and not supported by specific allegations of ineffectiveness. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991)(recognizing a petitioner is not entitled to habeas relief "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible' ").[8]

The claim cannot be "improved" by extra-fact pleading in the present federal petition that was not pled in the same rule 3.850 claim on which Edwards relies for exhaustion. If a petitioner asserts new allegations of ineffective assistance of counsel that were not timely and properly raised in state court, they may not be considered by this Court. *Jackson v. Herring*, 42 F.3d 1350, 1355 (11th Cir.), *reh'g. denied,* 51 F.3d 1052 (11th Cir. 1995); *Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir. 1992).

Edwards seeks to restate this claim as a purported failure to "suppress" the arrest. This is a new claim of alleged ineffectiveness which is procedurally barred because Edwards did not raise the claim in his second rule 3.850 motion for postconviction relief.

---

[8] An application for relief pursuant to 28 U.S.C. § 2254 requires fact pleading.  Vague and conclusory claims failing to state facts which would show an entitlement to relief can be dismissed without further effort by the Court. *Blackledge v. Allison*, 431 U.S. 63 (1977).

Edwards can no longer raise the claim in the state trial court because the claim is time-barred under rule 3.850 and also foreclosed by the successive petition doctrine. Edwards has not shown cause and prejudice to overcome the procedural bar.

Alternatively, Edwards has not alleged a sufficient basis for this Court to conclude that counsel overlooked a meritorious basis for urging suppression of any evidence or for attacking the legality of the arrest. Nor he does allege facts which, if proven, would show that there was any probability of a different outcome had counsel performed as Edwards now proposes. The state decision resulted in a reasonable application of *Strickland* under either prong.

The state court decision was not contrary to nor did it involve an unreasonable application of, clearly established federal law as determined by the Supreme Court. The state trial court's denial of ground four is objectively reasonable and is entitled to deference under the AEDPA standard of review.

Ground four does not warrant habeas corpus relief.

Ground Five

Edwards contends trial counsel was ineffective for failing to raise a *Brady* issue.  He contends that trial counsel "failed to obtain FDLE reports prior/or after Edwards' trial that were obtained by defendant (pro se) on February 7, 2005 that clearly states and supports that all DNA taken from the victim were negative."

In denying his rule 3.850 claim, the state trial court found:

> The Defendant contends that the results of a rape kit examination were withheld from the defense and that prosecution had the results a day before his trial. The Defendant claims the results showed that the Defendant did not commit sexual battery because the results were negative for DNA. The

Defendant contends counsel should have filed a motion to compel the results of the test.

The Defendant's Motion is denied. First, the results of the rape kit do not prove that a sexual battery did not occur, only that there were not spermatozoa present. (See Defendant's Exhibit E-2). Further, based upon the testimony of Dr. Lippa, there is no reasonable probability that the outcome of the trial would be different if evidence of the rape kit were introduced. (See attached transcript, pp. 260-276). *See Rogers v. State*, 782 So. 2d 373, 376-377 (Fla. 2001). . . . .

(Resp. Ex. 12)

In his second rule 3.850 postconviction motion, Edwards did not allege that any test results exculpated him and the facts show that he could not have done so. The fact that the DNA testing did not yield the presence of semen does not prove a sexual battery did not occur or exclude Edwards as a perpetrator.  Further, the lack of semen would not impeach the victim or state witnesses' accounts of what happened the night of the crime.

Edwards' counsel elicited testimony from Dr. Charles Lippa regarding the rape kit at trial. That testimony supports the conclusion that the evidence was available to the defense before trial.  After eliciting, from witnesses, that a rape kit was compiled (Resp. Ex. 1, V 4, T 275-276), trial counsel, in closing argument, argued the lack of evidence of Edwards' guilt. First, there was no blood on Edwards. Second, Edwards was not examined for evidence of Leah Jones' body fluids.  Third, no semen was left on the victim.  (Resp. Ex. 1, T 334-35).

Edwards fails to allege any facts to demonstrate that the State failed to provide evidence of the rape kit to Edwards' trial counsel before trial. Therefore, Edwards cannot show there was a reasonable probability that the result of the trial would have been different had counsel raised a *Brady* issue as Edwards proposes.

The state trial court decision resulted in a reasonable application of *Strickland.* The state court decision was not contrary to, nor did it involve an unreasonable application of, clearly established federal law as determined by the Supreme Court. The state trial court's denial of ground five is objectively reasonable and is entitled to deference under the AEDPA standard of review.

Ground five does not warrant habeas corpus relief.

Ground Six

Edwards contends his counsel was ineffective for failing to seek a continuance based on pendency of results of the rape kit. Edwards states: "Defendant will contend that issue six is intertwined with Issue Five." (Petition, p. 18).  In denying claim six of his second rule 3.850 motion, the state trial court found:

> The Defendant contends that the counsel should have filed a motion to continue the trial pending the results of the rape kit because the Defendant claims that the rape kit's results show that there was no sexual contact and that there was a lack of medical evidence to sustain a sexual battery charge.
>
> The Defendant's Motion is denied for the reasons given in this order under ground five above. . . . .

(Resp. Ex. 12)

Edwards cannot show that counsel was ineffective for failing to raise a *Brady* claim regarding the testing of the victim's samples. Likewise, Edwards demonstrates no constitutional obligation of counsel to seek a continuance where the results Edwards describes as "negative" did not eliminate him as a perpetrator nor show he did not commit the charged completed act of sexual battery.

Edwards cannot show that he was prejudiced by counsel's actions. He fails to show that had counsel gained the proposed continuance there was any reasonable probability of a different outcome in his case.

The state court decision was not contrary to, nor did it involve an unreasonable application of, clearly established federal law as determined by the Supreme Court. The state trial court's denial of ground six is objectively reasonable and is entitled to deference under the AEDPA standard of review.

Ground six does not warrant habeas corpus relief.

### Ground Seven

Edwards alleges trial counsel was ineffective for failing to file a motion to preserve the "potentially exculpatory" evidence of Alexis Henke's initial statement to the police. He points to witness Henke's deposition in which she indicated her first statement to police was "rejected and she was told what to write in a second statement to police by Officer Johnson and Laster."

In denying his rule 3.850 claim, the state trial court found:

The Defendant claims counsel should have filed a motion to preserve the evidence of a statement initially given by witness Alexis Henke, which was destroyed by the police that was initially favorable toward the Defendant.

The Defendant's Motion is denied. First, based upon the sequence of events, it is not at all clear that counsel would have been able to preserve the statement because it appears that by the time counsel would have been appointed, the statement was not in existence. (See attached transcript, pp. 292-293, 162-163). Further, the testimony of the witness, Alexis Henke and the investigating officer, Deputy Johnson, established the nature of the statement and the circumstances around its destruction, so despite the absence of the physical statement, any favorable matters related to the statement were brought out on cross examination by defense counsel.

(Resp. Ex. 12).

Edwards has not overcome the state trial court's calling into question whether the original document was in existence when counsel was appointed to represent him. Additionally, Edwards has not shown that counsel had to seek to preserve Henke's original statement to be reasonably effective. Trial counsel elicited from Henke that the officer allegedly crumbled up her statement, telling her what was recounted did not happen and advising her to write down what happened. (Resp. Ex. 1, V 4 T 292). Trial counsel further questioned the officer witness, eliciting testimony indicating the first statement had probably been thrown away. (Resp. Ex. 1, V 3 T 169)

Edwards fails to show prejudice because he cannot show that the state trial court would have granted the continuance where Edwards did not prove the statement was in existence when counsel was appointed. Nor did Edwards show that Henke's first statement held a "truthful account" and that the police knew it was a truthful account of the happenings on the night of the crime. Edwards' claim is speculative. Even if counsel had performed as proposed, Edwards fails to allege facts showing that there was any reasonable probability of a different outcome.

The state trial court's decision was a reasonable application of *Strickland* and a reasonable determination of the facts in light of the evidence. The state court decision was not contrary to, nor did it involve an unreasonable application of, clearly established federal law as determined by the Supreme Court. The state trial court's denial of ground seven is objectively reasonable and is entitled to deference under the AEDPA standard of review.

Ground seven does not warrant habeas corpus relief.

Ground Eight

Edwards contends that his trial counsel was ineffective for failing to impeach the testifying officers with contradictions in their testimony. In denying Edwards' rule 3.850 claim, the state trial court found:

> The Defendant contends counsel failed to impeach various police testimony with the versions of what they observed at the time of the crime and the arrest of the Defendant. The Defendant points to the testimony of the Deputies Johnson, Keane and Laster and implies that counsel failed to impeach the witnesses with the inconsistencies in their testimony.
>
> The Defendant's Motion is denied. First, counsel in closing argument, as reflected in the attached transcript in ground three, emphasized many of the inconsistencies in the testimony during his argument. Further, counsel on cross examination brought out many of the inconsistencies noted by the Defendant. (See attached transcript, pp. 164-170, 181-187, 202-217). Although impeachment evidence of the statements of the other witnesses may have been used by counsel in impeaching the police officers in the case, the minor discrepancies in the witness's testimony can be expected and extrinsic evidence would likely not have been admissible. *See Correia v. State*, 654 So. 2d 952 (Fla. 4th DCA 1995).

(Resp. Ex. 12)

Counsel cross-examined the officers, and Edwards has not alleged a sufficient basis for concluding his counsel overlooked any material impeachment. Claims that an attorney should have cross-examined further on inconsequential matters do not establish constitutionally deficient performance. *See Johnson v. Alabama*, 256 F.3d 1156, 1186 (11th Cir. 2001)(citing *Mills v. Singletary*, 63 F.3d 999, 1021 n. 36 (11th Cir. 1995)).

In addition, Edwards cannot show prejudice. Edwards has not shown that proposed further impeachment would have undercut the state's evidence of his guilt. In view of the compelling evidence of Edwards' guilt, including, in addition to the officers' observations, Henke's testimony that Edwards put his knees on Henke and leaned over into the victim

(Resp. Ex. 1, V 4 , T 288-289), there was no reasonable probability of a different outcome had trial counsel performed differently regarding cross-examination of the officers.

The state court decision was not contrary to, nor did it involve an unreasonable application of, clearly established federal law as determined by the Supreme Court. The state trial court's denial of ground eight is objectively reasonable and is entitled to deference under the AEDPA standard of review.

Ground eight does not warrant habeas corpus relief.

Ground Nine

Edwards alleges trial counsel was ineffective for failing to file a specific motion for judgment of acquittal on the sexual battery count. In his supporting facts, he asserts the victim did not recall being raped.

In denying his rule 3.850 motion, the state trial court found:

> The Defendant claims counsel only filed a boilerplate motion for judgment of acquittal on the sexual battery charge, when he could have pointed out the conflicts in the evidence as to consent and the lack of physical evidence to sustain the sexual battery charge.

> The Defendant's Motion is denied. First, counsel's motion for judgment of acquittal was not a mere boilerplate motion, but rather he argued that the State had not proven the sexual battery charge because they had not shown that the victim did not consent to the act. (See attached transcript, pp. 319-320). Further, based upon the testimony of the victim and deputy Johnson, there was no basis to grant the judgment of acquittal. (See attached transcript, pp. 173-175). The trial court, in a circumstantial evidence case, would have been justified in denying the motion for judgment of acquittal even if counsel had made a more specific motion because the evidence was inconsistent with the Defendant's theory of defense. *See Huck v. State*, 881 So. 2d 1137, 1145 (Fla. 5th DCA 2004) (Observing that trial court when addressing a motion for judgment of acquittal in a case comprised solely of circumstantial evidence is to determine whether there is a prima facie consistency between the evidence, viewed in the light most favorable to the State and the defense theory or theories).

(Resp. Ex. 12).

Edwards' theory of counsel's ineffectiveness is based on the same argument he raised in his rule 3.850 motion.  The state trial court rejected the argument. Edwards cannot revisit the state trial court's conclusion that the state's evidence was adequate to survive a judgment of acquittal motion.[9]

The claim fails upon analysis under *Strickland*'s prejudice prong. In view of the state law determinations, Edwards cannot show that had counsel argued as Edwards proposes, there was any reasonable probability of a different outcome. The state decision resulted in an objectively reasonable application of Strickland and a reasonable determination of the facts in light of the evidence.

The state court decision was not contrary to, nor did it involve an unreasonable application of, clearly established federal law as determined by the Supreme Court. The

---

[9] Under Florida law, the trial court should not grant a motion for judgment of acquittal unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. *Lynch v. State*, 293 So.2d 44, 45 (Fla. 1974). In a circumstantial evidence case, "the sole function of the Florida trial court ... is to determine whether there is a prima facie inconsistency between (a) the evidence, viewed in the light most favorable to the State and (b) the defense theory or theories. If there is such inconsistency, then the question is for the finder of fact to resolve." *Gore v. State,* 784 So. 2d 418 (Fla. 2001).

In "moving for a judgment of acquittal, a defendant in Florida admits not only the facts stated in the evidence, but also every reasonable conclusion favorable to the state that the trier of fact might fairly infer from the evidence. *Sutton v. State*, 834 So.2d 332, 334 (Fla. 5th DCA 2003). The rule is firmly entrenched that "[i]f, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction." *Pagan v. State*, 830 So.2d 792, 803 (Fla. 2002).

Determination of whether the state's evidence is legally sufficient to establish a prima facie case in a sexual battery prosecution such as Edwards', so as to survive an acquittal motion are matters solely within the province of the Florida courts. Issues which present nothing more than issues of pure state law are wholly immune from federal habeas review. *Francois v. Wainwright*, 741 F.2d 1275, 1281 (11th Cir. 1984). Because Edwards' claim is based on claimed state law error, the claim is not cognizable on habeas review. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

state trial court's denial of ground nine is objectively reasonable and is entitled to deference under the AEDPA standard of review.

With regard to each of his nine grounds, Edwards had full and fair opportunity to allege the factual underpinnings for such, if any, in a timely manner at trial and/or in his rule 3.850 motion, as appropriate under state rules.[10] Edwards is barred by 28 U.S.C. § 2254(e)(2) from seeking an evidentiary hearing on any allegation not timely presented to the state courts. Failure to develop any factual assertion not timely alleged in state court in support of his grounds is solely attributable to Edwards' lack of diligence.

**Accordingly, the Court orders:**

That Edwards' petition for writ of habeas corpus is denied.  The Clerk is directed to enter judgment against Edwards and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists

---

[10] Any new factual assertions not pled in Edwards' rule 3.850 motion and on appeal are also now procedurally barred on independent and adequate state procedural grounds of rule 3.850's time limit and the state's successive petition doctrine. *See Tower v. Phillips*, 979 F.2d 807 (11th Cir. 1992)(federal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law(citing *Coleman*).  In addition, federal courts may not address claims that have not been presented in state court if the state court would have found the claims to be procedurally defaulted, unless petitioner is able to show both cause and prejudice resulting therefrom).

would find the district court's assessment of the constitutional claims debatable or wrong,"
*Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473,
484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to
proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v.
Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in
these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not
entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on March 21, 2008.

SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Larry William Edwards, pro se